**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RYAN CAMPORESE,**

                **Plaintiff,**

-vs-                                            **Case No. 6:10-cv-1681-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

## MEMORANDUM OF DECISION

Ryan Camporese (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the final decision of the Commissioner should be reversed and remanded for an award of benefits because the Administrative Law Judge (the "ALJ") erred by: 1) failing to state with particularity the weight given and the reasons therefor to the opinions of Drs. Pradeep Mathur (R. 370-71), Maria Gonzalez (R. 287-89), and Dr. Hao Tran's June 5, 2008 opinion (R. 355), all treating physicians; 2) lacking good cause to give little weight to Dr. Tran's April 28, 2009 opinion (R. 380); and 3) failing to include all of Claimant's limitations in the hypothetical question posed to the vocational expert (the "VE"). Doc. No. 13 at 1-22. For the reasons set forth below, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings because the ALJ erred **by failing to state with particularity the weight given, and the reasons therefor, as to the opinion of Dr. Mathur.**

## I. BACKGROUND.

Claimant was born on May 5, 1976. R. 39. The record contains four medical opinions from Claimant's treating physicians: Drs. Mathur (R. 370-71), and Tran (R. 315-16, 355, 380); a consultative examining opinion from Dr. Gonzalez (R. 287-89); and two residual functional capacity assessments from non-examining physicians (R. 290-97, 317-24).

Dr. Mathur's August 14, 2008 treatment note provides that Claimant is a thirty-two year old male who suffers from obstructive sleep apnea, tracheostomy, and multiple other medical problems. R. 370. Dr. Mathur's medical opinion states:

> I have started him on Hyzaar . . . no added salt and low cholesterol diet. . . . In my opinion, at the present time, [Claimant] is not able to work on account of his functional limitation of getting short of breath very easily, obesity, tracheostomy, and history of hypercapnaeic and hypoxic respiratory failure. I am referring him to Dr. Scanlon for pulmonary evaluations as well and I would strongly recommend that bariatric surgery for weight loss since other measures have failed. He has been trying hard to lose weight but is not able to and certainly cannot exercise at this stage.

R. 371. Thus, Dr. Mathur opines that Claimant is not able to work due to the functional limitation of shortness of breath, tracheostomy, and history of respiratory failure. R. 371.

Dr. Tran provided three opinions in this case. On March 21, 2006, after Claimant underwent a tracheotomy, Dr. Tran states that Claimant has been under his care for the past several months and he has "severe obstructive sleep apnea which has significantly affected his quality of life and his ability to perform normal activities of daily living." R. 315. Dr. Tran states that Claimant has been unable to work due to "his inability to stay awake and maintain concentration," and Claimant suffers from "severe daytime somnolence." R. 315. On March 15, 2006, a long-term flap tracheotomy tube was inserted into Claimant's throat. R. 315. Dr. Tran

states that due to the procedure, he expects Claimant will be improving in the near future and that he may begin looking for employment in approximately three to four weeks. R. 315. Thus, on March 21, 2006, Dr. Tran opined that Claimant should be able to work within three to four weeks. R. 315.

On June 5, 2008, Dr. Tran sent a letter to the Florida Department of Education, which provides:

> [Claimant] has been a patient of mine since January 6, 2006. [Claimant] came in with severe sleep apnea and a trach was inserted to alleviate his breathing problems. For the last two years, I have watched [Claimant] lose over 100 lbs and gain it back due to the various medications he is on, inability to exercise and failed diets. I have recommended that [Claimant] consider the alternatives to weight loss, such as either lab [sic] band surgery or gastric bypass. He is not an ideal candidate for further upper airway surgery until he loses significant weight. Once the weight loss is achieved and the surgeries completed he must then pass a sleep apnea study to ensure that he can breathe normally. He is looking forward to the day he can have the trach removed and return to a normal life.

R. 355. Thus, while the June 5, 2008, opinion does not state what Claimant can still do despite his impairments, it states that Claimant's weight gain is due to various medications, failed diets, and an inability to exercise. R. 355. On April 28, 2009, Dr. Tran offered a very similar opinion that included the following: "Because of his chronic tracheostomy dependence, he is unable to sustain gainful employment. He cannot exercise vigorously due to his breathing difficulties. . . . [C]laimant's condition is very serious and untreated obstructive sleep apnea places him at high risk for developing uncontrolled hypertension, diabetes, coronary artery disease, stroke, and eventual death." R. 380. Thus, Dr. Tran's April 28, 2009, opinion is that Claimant cannot work due to his chronic tracheostomy dependence and breathing difficulties. R. 380.

Dr. Gonzalez performed a consultative examination in this case. R. 287-89. Based on her examination, Dr. Gonzalez opined that Claimant has no limitations in bending, stooping, or crouching. R. 289. Dr. Gonzalez's physical exam notes reflect mild shortness of breath. R. 288. However, Dr. Gonzalez's opines that Claimant has "**severe** shortness of breath." R. 289 (emphasis added). Dr. Gonzalez states that Claimant has respiratory issues that "need to be worked up." R. 289.

On August 13, 2009, the ALJ issued a decision finding Claimant not disabled. R. 19-33. At step-two, the ALJ found that Claimant suffers from the following severe impairments: tracheotomy, obesity, shortness of breath, and knee pain. R. 23. The ALJ determined that Claimant retains the RFC to perform a full range of light work, but the Claimant is limited to occasional speaking, indoor environments, no exposure to fumes, and the Claimant can never climb, kneel, crouch, or crawl or stoop. R. 24. In his decision, the ALJ did not mention Dr. Mathur's treatment of Claimant or his opinion. R. 18-33.

Regarding Dr. Tran, the ALJ does not mention his June 5, 2008 opinion. R. 26-31. In the decision, the ALJ discusses Dr. Tran's March 21, 2006 and April 28, 2009 opinions. R. 27-28, 30. The ALJ gives "greater weight" to Dr. Tran's earlier March 21, 2006 opinion because it is "consistent with the evidence as a whole and is supported by the evidence in the record." R. 30. As to the April 28, 2009 opinion, the ALJ gives it "little weight" because:

> there is no indication of any objective measures that [sic] this opinion is based upon nor is there any evidence that Dr. Tran had seen the [C]laimant since March 2008. Additionally, the [opinion] is inconsistent with the objective medical evidence that is in the record and not supported by the record as a whole.

R. 30. Thus, the ALJ gives "little weight" to Dr. Tran's April 28, 2009 opinion because the

record did not contain "objective measures" supporting the opinion, there is no evidence in the record that Dr. Tran treated Claimant since March 2008, and because the opinion is inconsistent with the record as a whole. R. 30.

The ALJ discusses Dr. Gonzalez's evaluation and opinion, and states that her "general assessment of the [C]laimant was that he had **mild** shortness of breath and normal ambulation." R. 28-29 (emphasis added).[1] The ALJ does not state with particularity the weight given, or the reasons therefor, as to Dr. Gonzalez's opinion. As to the non-examining physicians who reviewed the record, the ALJ gives their opinions "some weight." R. 30. Thus, the ALJ states that his RFC "is supported by the opinion of Dr. Tran, a treating physician, and of the State agency medical consultants who reviewed the record." R. 31.

## II. ANALYSIS.

As set forth above, Claimant raises numerous issues on appeal. *See* Doc. No. 21 at 1-24. However, the Court finds that the first issue raised by Claimant, whether the ALJ erred by failing to state with particularity the weight given, and the reasons therefor, to the opinion of Dr. Mathur is dispositive of the case. The Commissioner maintains that the ALJ was not required to consider or weigh Dr. Mathur's opinion because it "does not indicate that he believed [Claimant] was disabled for a consecutive period of twelve months." R. 9.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. Jan. 24, 2011), the Eleventh Circuit held that

---

[1] Dr. Gonzalez's impression after examination of Claimant reflects "severe" shortness of breath. R. 289.

<u>whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor</u>. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)) (emphasis added). The Commissioner argued that the ALJ did not err by failing to state the weight he gave to a treating physician's treatment notes and the reasons therefor because they did not constitute an "opinion." *Id*. at 1178-79. The Eleventh Circuit disagreed because the treatment notes contained "a description of Winschel's symptoms, a diagnosis, and a judgment about the severity of his impairments, and clearly constituted a 'statement[] from [a] physician . . . that reflect[s] judgments about the nature and severity of [Winschel's] impairment(s), including [Winschel's] symptoms, diagnosis and prognosis, what [Winschel] can still do despite impairment(s), and [Winschel's] physical or mental restrictions.'" *Id*. (quoting 20 CFR §§ 404.1527(a)(2), 416.927(a)(2)). Thus, the treating physician's treatment notes constituted an opinion. *Id*. In this case, Dr. Mathur's statement reflects judgments about the nature and severity of Claimant's impairments, including diagnosis, prognosis, and what Claimant's restrictions. R. 370-71. Thus, the statement is a medical opinion, which the ALJ was required to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178-79. Accordingly, the Commissioner's argument is without merit.

In *Winschel*, the Eleventh Circuit stated that "'<u>[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence</u>.'" *Winschel*, 631 F.3d at 1178-79

(quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981) (emphasis added)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error). The Eleventh Circuit noted that the ALJ only referenced the treating physician once and did not state the weight given to the treating physician's opinion. *Id*. The Eleventh Circuit reversed stating that "[i]t is possible that the ALJ considered and rejected these . . . medical opinions, but <u>without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence</u>." *Id*. (emphasis added). In this case, the ALJ did not even mention Dr. Mathur's treatment of Claimant, much less the opinion. As set forth above, the ALJ was required to state with particularity the weight given to Dr. Mathur's opinion, and the reasons therefor. *Winschel,* 631 F.3d at 1178-79; *see also Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ's failure to do so constitutes reversible error. *Id*.

The ALJ also erred by failing to discuss and state with particularity the weight given and the reasons therefor, as to Dr. Tran's June 5, 2008 opinion. Furthermore, the Court agrees with Claimant that ALJ's reasons for giving little weight to Dr. Tran's April 28, 2009 opinion are "not explicit, adequate, or accurate." Doc. No. 13 at 10. Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary

finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).[2] Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Poplardo v. Astrue*, 2008 WL 68593, *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, 2008 WL 1848342, *5 (M.D. Fla. April 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Otherwise, the Court would be left in a situation where it would have to impermissibly reweigh the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.").

In this case, the ALJ gives little weight to Dr. Tran's April 28, 2009 opinion because the record did not contain "objective measures" supporting the opinion, there is no evidence in the record that Dr. Tran treated Claimant since March 2008, and because the opinion is inconsistent with the record as a whole. R. 30.[3] In his decision, the ALJ fails to articulate what "objective measures" were lacking from Dr. Tran's treatment notes. Furthermore, the ALJ's conclusory

---

[2] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority.
[3] After the ALJ's decision was rendered, Claimant submitted treatment records from Dr. Tran spanning from February 2008 through May of 2009 to the Appeals Council. R. 403-414.

statement that the opinion is "inconsistent with the objective medical evidence that is in the record and not supported by the record as a whole" is insufficient to satisfy the particularity standard. *See Poplardo*, 2008 WL 68593 at *11 (failure to specifically articulate evidence contrary to doctor's opinion requires remand); *Paltan*, 2008 WL 1848342 at *5 (failure to explain how opinion was inconsistent with medical evidence requires remand). Accordingly, the ALJ failed to articulate good cause to give little weight to Dr. Tran's April 28, 2009 opinion.

The Court has considered whether the ALJ's errors are harmless and concludes that they are not. *Winshcel*, 631 F.3d at 1178-79 (without stating with particularity the weight given to medical opinion evidence and the reasons therefor, the Court "cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."). The Court has also considered whether Claimant is entitled to an award of benefits. The Court is mindful that it "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Based on this record, the Court concludes that Claimant is not disabled beyond any doubt. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (Court may award benefits where it is clear that cumulative effect of evidence establishes disability without any doubt). Accordingly, the Court finds that a remand for further proceedings is appropriate.

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of Section 405(g) for further proceedings;

2. The Clerk is directed to enter judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on March 14, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson, Esq.
3200 Corrine Drive, Suite E
Orlando, FL 32803


John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida         33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia        30303-8920

The Honorable Gerald F. Murray
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Building, #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224